IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-00284-RJC-DSC

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANGIE BARGESSER SANDERS (2) | ) | |
| | ) | |

THIS MATTER is before the Court upon motion of the defendant to suppress GPS location data extracted from her cell phone pursuant to a search warrant, (Doc. No. 47), and the government's response, (Doc. No. 48). Because the defendant's claim can be resolved considering the four corners of the warrant, an evidentiary hearing is not necessary. The Motion will be denied for the reasons stated below.

First, the Motion is untimely. Rule 12(c) of the Federal Rules of Criminal Procedure allows courts to set deadlines for filing pretrial motions, including motions to suppress. Unless the Court finds good cause for failing to comply with the deadline, Fed. R. Crim. P. 12(e), a motion is subject to dismissal. United States v. Johnson, 953 F.2d 110, 115-116 (4th Cir. 1991).

Here, the defendant was arraigned on August 31, 2020. The Scheduling Order thus required any pretrial motion to be filed on or about October 30, 2020. The defendant suggests she first received the cell phone data extraction report on March 25, 2021.[1] (Doc. No. 47: Motion at 2). However, the government claims

---

[1] Motion states:

> On March 25, 2021, the government provided a report, which included cell phone GPS location data, extracted from Ms. Sanders [sic] cell phone in the form of a diagram, suggesting its intent to introduce that purported evidence at trial.

convincingly it provided the report on October 9, 2020, and advised the defendant on March 25, 2021, of trial exhibits created with location data included in the report. (Doc. No. 48: Response at 3).² The defendant has offered no justification for failing to file a timely motion regarding evidence produced before the deadline. Therefore, the Motion is subject to dismissal.

Second, the Motion is without merit. "At its core, the Fourth Amendment protects against general warrants that authorize 'exploratory rummaging in a person's belongings ... by requiring a particular description of the things to be seized.'" United States v. Williams, 592 F.3d 511, 519 (4th Cir. 2010) (quoting Andresen v. Maryland, 427 U.S. 463, 480 (1976)). "The particularity requirement is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant." Id.

The defendant quotes the Search Warrant as authorizing the search of her cell phone and seizure of:

> All electronic correspondence (emails, text messages, picture messages, video messages, phone apps and internet history) along with photographs, videos, and contacts stored within the phone(s) as well as call logs and any electronic data that relate to this incident as well as show involvement in any criminal activity.

---

(Doc. No. 47: Motion at 3).

² Unfortunately for defense counsel, the Court has a long memory. This is not the first time, counsel has misrepresented the timing of provision of discover. See U.S.v Clinton, 3:10CR208 (WDNC 2011) (Defense counsel stated falsely before the jury that he had not been provided full discovery of defendant's interview)

(Doc. No. 48: Motion at 3 (citing Exhibit 2: Search Warrant). She focuses on the "involvement in any criminal activity" language to claim the Search Warrant is an overly broad, general warrant prohibited by the Fourth Amendment. (Id. at 4).

Remarkably, the language quoted is not contained in the Search Warrant. It is simply not there. Rather, the magistrate judge found probable cause to allow the search of a cell phone particularly described in the Affidavit's Attachment A and the seizure of information particularly described in Attachment B. (Case No. 3:20-mj-59-2, Doc. No. 2: Search Warrant at 1). Attachment B reads:

> Information to be seized by the government
>
> All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of Title 18, U.S.C. § 1958 [sic], including, for each SUBJECT PHONE 1 AND 2 identified on Attachment A, information pertaining to the following matters:
>     a. The robbery of the Dollar General and Auto Zone;
>     b. The planning or preparation to rob the Dollar General and Auto Zone;
>     c. The use of facilities of interstate commerce to carry out any Hobbs Act Robbery, including electronic communications, social media and firearms;
>     d. Evidence indicating how and when the SUBJECT PHONE 1 AND 2 were accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crimes under investigation;
>     e. Evidence indicating SUBJECT PHONE 1 AND 2 owner's state of mind as it relates to the crime under investigation;

(Id., Doc. No. 2-2: Affidavit at 12). In the body of the Affidavit, the agent specified that the United States was investigating the June 15, 2020, armed robberies of a Dollar General and Auto Zone as possible violations of the Hobbs Act, Title 18, United States Code, Section 1951. (Id. at 2-3). The agent also explained how the cell phone found in the suspected getaway vehicle would have stored location data

3

showing where it had been which would be of evidentiary value to the investigation. (Id. at 3-4, 6-7). That June 15, 2020, location data appears to be the information summarized on the government's trial exhibit mapping the movement of the cell phone near in time to the alleged robberies from the store locations to the place where it was found. (Doc. No. 47-3).

"Whether seized evidence falls within the scope of a warrant's authorization must be assessed solely in light of the relation between the evidence and the terms of the warrant's authorization." Williams, 592 F.3d at 520-521. Here, the terms of the warrant's authorization, as opposed to the fictitious language set forth in the Motion to Suppress, clearly authorize law enforcement to seize the subject cell phone and search for the challenged June 15, 2020, location data extracted from it. It is within the expressed scope of the warrant's authorization to seize evidence of the phone's "chronological and geographical context" relating to the two Hobbs Act robberies under investigation. See United States v. Cobb, 970 F.3d 319, 328 (4th Cir. 2020) (search warrant sufficiently particular where it confined the executing officers' discretion by allowing them to search computer and seize evidence of a specific illegal activity).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: April 13, 2021

Robert J. Conrad, Jr.
United States District Judge